# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| STACY ALLEN SPARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 5:14-cv-00013-MHH-JHE |
| ) | |
| SHERIFF RODNEY INGLE, et al., ) | |
| ) | |
| Defendant ) | |
| ) | |

## ORDER

In his June 10, 2015 report and recommendation, Magistrate Judge England recommended that the Court grant Mr. Sparks's motions to amend the complaint, (Docs. 8 & 10), deny Mr. Sparks's requests for declaratory and injunctive relief because Mr. Sparks no longer is at the facility at which he was incarcerated when this action began, and dismiss Mr. Sparks's claims against all defendants pursuant to 28 U.S.C. § 1915A(b), except Mr. Sparks's Eighth/Fourteenth Amendment claims against defendants Whitley and Ingle for denial or delay of medical care. (Doc. 12). Magistrate Judge England also recommended that the Court refer to him Mr. Sparks's Eighth/Fourteenth Amendment claims against defendants Whitley and Ingle for denial or delay of medical care for further proceedings.

1

(*Id.*).  Mr. Sparks filed objections to the report and recommendation on June 25, 2015.  (Doc. 13).[1]

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party files timely objections to a report and recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*  The Court examines each of Mr. Sparks's objections.

First, Mr. Sparks asserts that his request for declaratory and injunctive relief "shouldn't be moot" because although he currently is not housed at the Fayette County Jail, he could be transferred back to the jail "upon filing post-conviction proceedings," which he "contemplate[s] doing with the assistance of an attorney." (*Id.* at 2).  He contends the county jail conditions remain the same, the Alabama Department of Corrections ("ADOC") is responsible for the conditions, and amendment is necessary to add the ADOC Prison Commissioner as a defendant. (*Id.*).

The Court overrules Mr. Sparks's objection in part.  To establish a case or controversy conferring jurisdiction upon this Court, "[t]he plaintiff must show that

---

[1] Mr. Sparks's objections are penned by an unknown "writer" and signed by Mr. Sparks.  (Doc. 13, pp. 2-3).

he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (internal quotations omitted). Mr. Sparks has not been an inmate at the Fayette County Jail since August 2013, when he was transferred to a state penal institution. (Doc. 1 at 7).[2] He continues to be housed in a state facility while he serves his sentence. (Docs. 6, 7, 9, 13). Thus, Mr. Sparks's requests for declaratory and injunctive relief are moot.

To the extent his objection can be considered an argument that his situation satisfies "the mootness exception for disputes capable of repetition yet evading review," *Renne v. Geary*, 501 U.S. 312, 320 (1991), this exception "applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *City of L.A. v. Lyons,* 461 U.S. at 109. Mr. Sparks's assertion he might be transferred back to Fayette County Jail because he may file a post-conviction case does not justify an exception to the mootness doctrine. Accordingly, the Court overrules this part of Mr. Sparks's objection. The Court will dismiss Mr. Sparks's requests for declaratory and injunctive relief.

---

[2] Mr. Sparks currently is housed at the Alabama Department of Corrections Bibb Correctional Facility in Brent, Alabama. (Doc. 9).

However, the Court grants Mr. Sparks's request to amend his complaint to add the ADOC Commissioner as a party defendant.  When Mr. Sparks was housed at the Fayette County Jail and when he filed his lawsuit in January 2014, the ADOC Commissioner had a duty under Alabama law to oversee and regulate county jails.  *See* Act 2015-70, § 1(22), effective April 21, 2015 (repealing Alabama Code §§ 14-1-8 (1975) which required the Alabama Department of Corrections to "aid in securing the just, humane and economic management" and to "promulgate rules and regulations necessary to hygiene, sanitation, cleanliness, healthfulness, feeding of prisoners, management and security of jails and prisons"). Therefore, the Court grants Mr. Sparks's request to amend his complaint to state a § 1983 claim for damages against the ADOC Commissioner.  *See Bonner v. Chambers Cnty.*, 2006 WL 1731135, at *3 (M.D. Ala. June 19, 2006) ("Where, as here, it is alleged that a breach of the ADOC's duty to inspect and aid in the provision of just, humane, and economic management of county jails caused the inmates to be harmed . . . , this Court cannot say as a matter of law that the ADOC, through the Commissioner, cannot be held liable under § 1983.").[3]

Mr. Sparks next objects to the dismissal of his claim that the food he is given in prison is inadequate because he attributes his seizures "in part" to "improper

---

[3] As explained above, Mr. Sparks's requests for declaratory and injunctive relief are moot. Therefore, Mr. Sparks's claim against the ADOC Commissioner may seek damages only.

nutrition by the Defendants." (Doc. 13 at 2). Mr. Sparks asserts that the defendants failed to "provide an adequate alternate food source in compliance with U.S. Dept. of Justice, Federal Standards for Prisons and Jail §§ 4.02, 4.08 (1980)." (*Id.*). This is the first time that Mr. Sparks suggests that the inadequacy of his diet relates to his seizures. Magistrate Judge England has recommended that Mr. Sparks's medical claim based on his seizures proceed. Because Mr. Sparks's nutrition claim is related to the medical claim concerning seizures and because no defendant has been served yet, Mr. Sparks's may proceed with his nutrition claim.

Finally, Mr. Sparks objects to the dismissal of the Fayette County Commission because "its agents" came to the jail and interviewed the plaintiff and other inmates about "their welfare and the conditions in the jail[,]" but "did nothing to rectify the situation." (*Id.*). The Court overrules Mr. Sparks's objection because as the magistrate judge explained, the Commissioners are entitled to absolute legislative immunity. The Sheriff -- not the Commission or its members -- is responsible for the day-to-day operations of the jail. (Doc. 12 at 5-6).

Within his objections, Mr. Sparks requests appointment of counsel or an opportunity to amend his complaint for a third time. (Doc. 13 at 1, 3). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances, such as where the

facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). In addition, the United States Supreme Court has held that an attorney may not be compelled to accept appointment in a case filed pursuant to 42 U.S.C. § 1983. *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296 (1989). The issues here do not appear complex, and Mr. Sparks has demonstrated the ability to litigate this action *pro se*. *See Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982). Accordingly, the Court denies Mr. Sparks's motion for appointment of counsel.

Accordingly, the Court **grants** Mr. Sparks's first and second motions to amend the complaint. (Docs. 8, 10). The Court **denies** Mr. Spark's requests for declaratory and injunctive relief and **dismisses** his claims against all defendants pursuant to 28 U.S.C. § 1915A(b), except the Eighth or Fourteenth Amendment claims against defendants Whitley, Ingle, and ADOC Commissioner Jefferson Dunn for denial or delay of medical care and inadequate nutrition. The Court **denies** Mr. Sparks's motion for appointment of counsel and **grants** his third motion to amend the complaint to the extent he seeks to add ADOC Commissioner Dunn as a party defendant. (Doc. 13). The Eighth or Fourteenth Amendment claims against defendants Whitley, Ingle, and Dunn for denial or delay of medical

care and the inadequate nutrition claim are **REFERRED** to the magistrate judge for further proceedings.

    **DONE** and **ORDERED** this September 14, 2015.

                /s/ Madeline H. Haikala
                _____
                **MADELINE HUGHES HAIKALA**
                UNITED STATES DISTRICT JUDGE